# Exhibit A –
# Plaintiff's Complaint

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF KENT

KENNETH BELL,

Plaintiff,

vs.

HOME DEPOT, INC.,

Defendant.

Kent County Circuit
Court No. 0-0 2 3 2 NZ

James R. Rinck (P34355)
Attorney for Plaintiff
146 Monroe Center, N.W.
1108 McKay Tower
Grand Rapids, Michigan 49503
(616) 459-7999

SCOTT A. NOTO
(P-67833)

**COMPLAINT**

THERE IS NO OTHER CIVIL ACTION BETWEEN THESE PARTIES ARISING OUT OF THE SAME TRANSACTION OR OCCURRENCE AS ALLEGED IN THIS COMPLAINT PENDING IN THIS COURT, NOR HAS ANY SUCH ACTION BEEN PREVIOUSLY FILED AND DISMISSED OR TRANSFERRED AFTER HAVING BEEN ASSIGNED TO A JUDGE.

NOW COMES Plaintiff, Kenneth Bell, by his attorney, James R. Rinck, and for his complaint states as follows:

**1. JURISDICTION AND VENUE**

1. Plaintiff is a resident of the City of Chicago in Cook County, Illinois.

2. Defendant Home Depot is a corporation that has a store that is located in and does business in Kent County.

3. The amount in controversy exceeds $25,000.00.

## II. GENERAL ALLEGATIONS

4. On January 10, 2022, Plaintiff traveled to Defendant's store at 4646 28th Street, S.E., in the City of Kentwood in Kent County, Michigan; he went there to deliver a load of merchandise to Defendant, as he then was employed as a truck driver for Four Star Transportation.

5. As he was in the process of unloading his truck, Plaintiff slipped and fell on ice and then fell onto his right shoulder.

6. As a result, he sustained the injuries set forth below.

7. At all times herein mentioned, Plaintiff was exercising due care and caution and acted without negligence on his part.

8. Defendant Home Depot induced Plaintiff, a business invitee, to believe that the premises, parking lot, loading areas, and approaches were kept and maintained in a safe and proper condition.

9. Defendant Home Depot did further represent and assure Plaintiff that the areas mentioned above were clean and dry and free of hazards, and that the above areas were reasonably safe for walking, and that thus Plaintiff would not be in any danger and that he would not be susceptible to slipping and falling.

10. Plaintiff, in reliance thereon felt assured that he would not encounter any difficulty and/or danger and would not be susceptible to injury while making his delivery at the premises of Defendant Home Depot on January 10, 2022.

11. When Plaintiff fell, he suffered serious and permanent injuries including, without limitation, a complete tear of his right rotator cuff with additional injuries to his right

shoulder, right arm and other related body parts as well as other bodily injuries as well.

12. Pleading in the alternative pursuant to MCR 2.111(A)(a), Plaintiff suffered an aggravation of a pre-existing injury.

13. As a result of his injuries, Plaintiff has experienced, and will continue to experience, the following damages:

a. Conscious pain and suffering

b. Fright, shock and mental anguish;

c. Loss of function in his injured and related body parts;

d. Medical expenses for his treatment and rehabilitation;

e. Denial of social pleasure and enjoyments;

f. Loss of wages and income; and

g. All other elements of damages allowable under Michigan law.

## III. COUNT 1: ORDINARY NEGLIGENCE

14. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs as if the same were fully set forth herein.

15. At all relevant times, Defendant had a duty of reasonable care in the inspection and maintenance of its store premises, in warning all business invitees of dangerous conditions on the premises, and to not act negligently in its conduct with regard to the performance of its duties in maintaining its property.

16. Defendant owed various duties to Plaintiff, and, notwithstanding these duties, Defendant did violate and breach these duties in the following respects:

a. Failing to inspect its premises, so as to identify a hazardous

condition, i.e., a slippery loading area; and to realize that that area involved an unreasonable risk of harm to the invitee;

b. Failing to warn Plaintiff that the loading area was slippery when it knew or should have known of the hazardous condition;

c. Failing to take reasonable measures to remedy the slippery area;

d. Failing to maintain its premises in a reasonably safe condition;

e. Creating, causing and/or tolerating the hazardous condition of the loading area;

f. Failing to exercise reasonable care to protect the business invitee (Plaintiff) from an unreasonable risk of harm caused by a dangerous condition when it knew or should have known of the condition.

g. Failing to train its employees and instruct, or provide proper procedure and guidelines to them, regarding proper procedure in maintaining and/or cleaning the loading area;

h. Failing to supervise and train its employees; and

i. Performing other acts of negligence and/or gross negligence not yet known but which will be ascertained during the course of discovery.

17. As a direct and proximate result of the store's negligence, Plaintiff slipped and fell and sustained the damages set forth previously.

**WHEREFORE**, Plaintiff respectfully requests that the Court or jury to award him the fair and reasonable amount of his damages, together with costs, interest, and reasonable attorney fees.

## IV. COUNT 2: PREMISES LIABILITY

18. Plaintiff hereby incorporates by reference each and every allegation contained in the

preceding paragraphs as if the same were fully set forth herein.

19. At all relevant times, Plaintiff's status was that of a business invitee, as that term is utilized in the common law of Michigan.

20. At all relevant times, Defendant's status was that of a business invitor, as that term is utilized in the common law of Michigan.

21. As a business invitor, Defendant had a common law duty to inspect its premises to discover possible dangerous conditions; to maintain the premises in a reasonable and safe condition; and to warn invitees of dangers it knew of, should have known of, or created.

22. The Defendant breached these duties as follows:

a. Failing to inspect its premises, so as to identify a hazardous condition;

b. Failing to warn Plaintiff of the slippery loading area;

c. Failing to take reasonable measures to remedy the hazardous conditions;

d. Failing to maintain the premises in a reasonably safe condition; and by:

e. Creating the hazardous condition by causing the loading area to be slippery.

23. As a direct and proximate result of the Defendant's negligent acts and omissions, Plaintiff slipped and fell and sustained the damages set forth previously.

**WHEREFORE**, Plaintiff respectfully requests that the Court or jury to award him the fair and reasonable amount of his damages, together with costs, interest, and reasonable attorney fees.

## V. COUNT 3: STOREKEEPER'S LIABILITY

24. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs as if the same were fully set forth herein.

25. At all relevant times, Defendant's status was that of a "storekeeper" as that term is utilized in the common law of the state of Michigan.

26. As a storekeeper, Defendant had a common law duty to provide a reasonably safe premises for business invitees, including Plaintiff.

27. Given Defendant's status as a storekeeper, Defendant is liable for injuries resulting from unsafe conditions either caused by the active negligence of its employees, or if otherwise caused, which were known to the storekeeper or of such a character or existing a sufficient length of time that the storekeeper should have had knowledge thereof.

28. The slippery loading area was either caused by Defendant's employees, or was known to store personnel, or else had existed for a sufficient lengthy of time that store personnel should have had knowledge of its presence.

29. As a direct and proximate result of Defendant's negligent acts and omissions, plaintiff slipped and fell and sustained the damages set forth previously.

**WHEREFORE**, Plaintiff respectfully requests that the Court or jury to award him the fair and reasonable amount of his damages, together with costs, interest, and reasonable attorney fees.

DATED: January 9, 2025

James R. Rinck (P34355)
Attorney for Plaintiff
146 Monroe Center, N.W.
1108 McKay Tower
Grand Rapids, Michigan 49503
(616)459-7999